Fill in this information to identify your case:

Debtor 1: **Carolyn Elaine Miller**
First Name    Middle Name    Last Name

Debtor 2:
(Spouse, if filing)    First Name    Middle Name    Last Name

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: **18-52637-pmb**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
**1.3, 2.3, 3.1, 3.5, 4.3, 4.4, 5.1, 8.1**

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☑ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☑ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

Debtor    **Carolyn Elaine Miller**                                    Case number

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*    ☑ 36 months        ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$345.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.)*:

**§ 2.2    Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*
☑    Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐    Debtor(s) will make payments directly to the trustee.

☐    Other (specify method of payment): _____

**§ 2.3    Income tax refunds.**

*Check one.*

☐    Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑    Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period (2017, 2018, and 2019), the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐    Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

**§ 2.4    Additional Payments.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5    [Intentionally omitted.]**

**§ 2.6    Disbursement of funds by trustee to holders of allowed claims.**

**(a) Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

**(b) Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

Debtor     **Carolyn Elaine Miller**                                                    Case number

    **(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

        (A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

        (B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

        (C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

        (D) To pay claims in the order set forth in § 2.6(b)(3).

    **(2) Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

        (A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

        (B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

        (C) To pay claims in the order set forth in § 2.6(b)(3).

    **(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

        (A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

        (B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

        (C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

        (D) To pay other Allowed Secured Claims as set forth in § 3.6;

        (E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

        (F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

    **(4)** Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| Part 3: | Treatment of Secured Claims |
|---|---|

**§ 3.1     Maintenance of payments and cure of default, if any.**

    *Check one*.

        [✓] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced*.
        [ ] Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable

Debtor     **Carolyn Elaine Miller**                                Case number

contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
|  |  |  |  |  |

§ 3.2    **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check all that apply.*

☑    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

§ 3.3    **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

§ 3.4    **Lien avoidance**.

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5    **Surrender of collateral.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑    The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| **Consumer Portfolio Svc** | **2016 Dodge Journey 38000 miles** |
| **Carrington Mortgage Se** | **749 Georgetown Lane Jonesboro, GA 30236  Clayton County** |
| **Georgetown Commons HOA** | **749 Georgetown Lane Jonesboro, GA 30236  Clayton County** |

§ 3.6    **Other Allowed Secured Claims.**
A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of     **5.25**    %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

Debtor    **Carolyn Elaine Miller**    Case number

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |

**§ 4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3    Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $__4,800.00__. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__230.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__2,500.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4    Priority claims other than attorney's fees.**

☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☑    The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

Debtor   **Carolyn Elaine Miller**                      Case number

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $**0.00** |
| **Internal Revenue Service** | **$6888.35** |

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**§ 5.1**   **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ A pro rata portion of the larger of (1) the sum of $ **11,000.00**   and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑     **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3**   **Other separately classified nonpriority unsecured claims.**

*Check one*.

☑     **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1**   **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one*.

☑     **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1**   **Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**§ 8.1**   **Check "None" or List Nonstandard Plan Provisions.**

Debtor  **Carolyn Elaine Miller**                                       Case number

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**Debtor will defer student loan(s) while bankruptcy is pending. If student loan(s) come out of deferment while bankruptcy is pending she will make payments directly outside of the bankruptcy.**

| Part 9: | **Signatures:** |

**§ 9.1    Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X  **/s/ Carolyn Elaine Miller**                                     X  _____
   **Carolyn Elaine Miller**                                              Signature of debtor 2 executed on
   Signature of debtor 1 executed on   **October 5, 2018**

X  **/s/ Howard Slomka**                                       Date:  **October 5, 2018**
   **Howard Slomka  652875  GA**
   Signature of attorney for debtor(s)

   **Slipakoff & Slomka PC**                                      **Overlook III, 2859 Paces Ferry Rd, SE**
                                                                   **Suite 1700**
                                                                   **Atlanta, GA 30339**

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 18-52637-PMB |
| | * | |
| CAROLYN ELAINE MILLER | * | CHAPTER 13 |
| | * | |
| | * | |
| Debtor. | * | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Amended Chapter 13 Plan in the above styled case by depositing same in the United States mail with the adequate postage affixed thereto to insure delivery addressed as follows:

Melissa J. Davey, Chapter 13 Trustee
260 Peachtree St NE #200
Atlanta, GA 30303

Carolyn Elaine Miller
210 Outerbridge Rd
Williamston, NC 27892

SEE ATTACHED FOR ADDITIONAL CREDITORS

Date: October 5, 2018

_____/s/_____
Howard Slomka, Esq.
Georgia Bar # 652875
Slipakoff & Slomka, P.C.
Attorney for Debtor
2859 Paces Ferry Road SE Suite 1700
Atlanta, GA 30339
Tel. (404) 800-4001

```
Label Matrix for local noticing          Acs/suntrust Bank                        Jonathan Stephen Adams
113E-1                                    C/o Acs                                  Office of Melissa J. Davey
Case 18-52637-pmb                         Utica, NY 13501                          Standing Chapter 13 Trustee
Northern District of Georgia                                                       Suite 200
Atlanta                                                                            260 Peachtree Street, NW
Fri Oct  5 18:22:27 EDT 2018                                                       Atlanta, GA 30303-1236

Bank of America, N.A.                     Bankamerica                              Capital One Auto Finan
c/o Carrington Mortgage Services, LLC     4909 Savarese Cir                        3901 Dallas Pkwy
1600 South Douglass Road                  Tampa, FL 33634-2413                     Plano, TX 75093-7864
Anaheim, CA 92806-5948


Carrington Mortgage Se                    Consumer Portfolio Svc                   Melissa J. Davey
1600 S Douglass Rd Ste 2                  P.O Box 57071                            Melissa J. Davey, Standing Ch 13 Trustee
Anaheim, CA 92806-5951                    Irvine, CA 92619-7071                    Suite 200
                                                                                   260 Peachtree Street, NW
                                                                                   Atlanta, GA 30303-1236


Melissa J. Davey                          Department of the Treasury               Diversified Account System
Office of Melissa J. Davey                Internal Revenue Service                 PO Box 870547
Standing Chapter 13 Trustee               P.O. Box 7346                            Morrow, GA 30287-0547
Suite 200                                 Philadelphia PA 19101-7346
260 Peachtree Street, NW
Atlanta, GA 30303-1236


Diversified Consultants, Inc              DriveTime                                DriveTime
PO Box 551268                             5554 Memorial Drive                      Attn: Bankruptcy
Jacksonville, FL 32255-1268               Stone Mountain, GA 30083-3215            4020 E Indian School Rd
                                                                                   Phoenix, AZ 85018-5220


Enhanced Recovery Company Corp            Fed Loan Serv                            GA Power
8014 Bayberry Road                        Pob 60610                                96 Annex
Jacksonville, FL 32256-7412               Harrisburg, PA 17106-0610                Atlanta, GA 30396-0002


Georgetown Commons HOA                    Georgetown Commons Homeowners Association, I   Georgetown Commons Homeowners' Associat
c/o Access Management Group               Pankey & Horlock, LLC                    c/o Pankey & Horlock, LLC
1100 Northmeadow Pkwy                     c/o Laura C. Horlock, LLC                1441 Dunwoody Village Parkway, Suite 200
#114                                      1441 Dunwoody Village Parkway            Atlanta, GA 30338-4122
Roswell, GA 30076-3871                    Suite 200
                                          Atlanta, GA 30338-4122

Georgia Department of Labor               (p)GEORGIA DEPARTMENT OF REVENUE         Laura C Horlock
148 Andrew Young Int'l Blvd NE            COMPLIANCE DIVISION                      Pankey & Horlock LLC
Suite 826                                 ARCS BANKRUPTCY                          Suite 200
Atlanta, GA 30303-1751                    1800 CENTURY BLVD NE SUITE 9100          1441 Dunwoody Village Parkway
                                          ATLANTA GA 30345-3202                    Atlanta, GA 30338-4122


Internal Revenue Service                  Mario Miller                             Carolyn Elaine Miller
PO Box 7346                               749 Georgetown Lane                      210 Outerbridge Rd
Philadelphia, PA 19101-7346               Jonesboro, GA 30236-8919                 Williamston, NC 27892-9300


Nelnet Lns                                Pankey & Horlock LLC                     Dean R. Prober
3015 S Parker Rd                          1441 Dunwoody Village Parkway            Prober & Raphael, A Law Corporation
Aurora, CO 80014-2904                     Suite 200                                Suite 100
                                          Atlanta, GA 30338-4122                   20750 Ventura Blvd.
                                                                                   Woodland Hills, CA 91364-6207
```

| | | |
|---|---|---|
| (p)PROFESSIONAL DEBT MEDIATION<br>7948 BAYMEADOWS WAY<br>2ND FLOOR<br>JACKSONVILLE FL 32256-8539 | Lee S. Raphael<br>Prober & Raphael, A Law Corporation<br>Suite 100<br>20750 Ventura Blvd.<br>Woodland Hills, CA 91364-6207 | Rec Mgt Grp<br>2901 University Av<br>Columbus, GA 31907-7606 |
| Receivable Management Group<br>2901 University Avenue<br>Columbus, GA 31907-7601 | Philip L. Rubin<br>Lefkoff, Rubin. Gleason & Russo<br>Suite 900<br>5555 Glenridge Connector<br>Atlanta, GA 30342-4762 | Santander Consumer USA<br>PO Box 961245<br>Fort Worth, TX 76161-0244 |
| E. Berk Sauls<br>Pankey & Horlock, LLC<br>1441 Dunwoody Village Parkway<br>Suite 200<br>Atlanta, GA 30338-4122 | Howard P. Slomka<br>Slipakoff & Slomka, PC<br>Overlook III - Suite 1700<br>2859 Paces Ferry Rd, SE<br>Atlanta, GA 30339-6213 | T Mobile/T-Mobile USA Inc<br>by American InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |
| U S Dept Of Ed/Gsl/Atl<br>Po Box 4222<br>Iowa City, IA 52244 | U. S. Attorney<br>600 Richard B. Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta GA 30303-3315 | U.S. Department of Education<br>c/o FedLoan Servicing<br>P.O. Box 69184<br>Harrisburg, PA 17106-9184 |
| Us Dep Ed<br>Po Box 5609<br>Greenville, TX 75403-5609 | Verizon<br>by American InfoSource LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Verizon<br>by American InfoSource LP as agent<br>PO Box 248838<br>Oklahoma City, OK  73124-8838 |
| Verizon Wireless<br>Po Box 650051<br>Dallas, TX 75265-0051 | Janet Womack<br>Janet L. Womack, P.C.<br>P. O. Box 8251<br>Atlanta, GA 31106-8251 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Georgia Department of Revenue<br>Bankruptcy Division<br>Post Office Box 161108<br>Atlanta, GA 30321 | Professional Debt<br>7948 Baymeadows Way Fl 2<br>Jacksonville, FL 32256 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Bank of America, N.A., et al | (u)CONSUMER PORTFOLIO SERVICES, INC., | (d)Consumer Portfolio Svc<br>P.O. Box 57071<br>Irvine, CA 92619-7071 |

```
End of Label Matrix
Mailable recipients    46
Bypassed recipients     3
Total                  49
```